IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| NAKIA YVONNE WASHINGTON-JOHNSON | ) | CASE NO. 08-12113 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |

ORDER AND OPINION DENYING REAFFIRMATION AGREEMENT

This case came before the Court on April 6, 2009, pursuant to Section 524 of the Bankruptcy Code, for consideration of a reaffirmation agreement between the above-referenced debtor (the "Debtor") and Capital One Auto Finance (the "Creditor") and to show cause as to why the reaffirmation agreement should not be stricken as a result of a failure to comply with Rule 4008(a) of the Federal Rules of Bankruptcy Procedure. Stephen D. Ling appeared on behalf of the Debtor. The Debtor sought to reaffirm a debt in the amount of $16,311.15, which debt is secured by a 2007 Chevrolet Impala.

The reaffirmation agreement was filed with the Court on March 17, 2009, and was therefore not filed with the Court within sixty (60) days after the first date set for the Section 341 meeting of creditors as required by Bankruptcy Rule 4008(a). The Debtor filed her bankruptcy petition on December 22, 2008, and on the same date filed her statement of intentions indicating that she intended to retain her 2007 Chevrolet Impala and reaffirm her debt with the Creditor. On January 15, 2009, counsel for the Debtor sent correspondence to Creditor stating that the Debtor intended to retain the vehicle and sign a reaffirmation agreement, and requested that Creditor provide Debtor's counsel with a copy of the certificate of title and security agreement, as well as a proposed reaffirmation agreement. Subsequently, in the early part of February, 2009, Debtor's

counsel received a proposed reaffirmation agreement from the Creditor. The Debtor and her counsel signed the agreement and returned it to the lender on February 18, 2009.

Upon reviewing the agreement, the record in this case, and the arguments presented at the hearing, the Court finds that the Debtor properly filed her statement of intention indicating that she wanted to reaffirm the debt, as required by Section 524 (c), and further, the Debtor took all reasonable steps to perform her intention with respect to such property pursuant to Section 521(a)(2).

It is therefore ORDERED that the reaffirmation agreement between the Debtor and the Creditor, filed on July 24, 2008, is stricken and will not be approved by the Court as the reaffirmation agreement was filed with the Court beyond sixty (60) days, as required by Bankruptcy Rule 4008(a). Further, since the Debtor timely complied with the requirements of Section 524(c) and 521(a)(2), and in all respects agreed to reaffirm the debt on the original terms of the contract, the Court finds that (1) the automatic stay remains in effect, (2) the vehicle remains property of the estate pursuant to Section 362(h)(1)(B), and (3) the ipso facto clause of the contract remains ineffectual, as provisions of Section 521(d) that would give it effect have not been met, so long as the Debtor remains current in her payments on the property. See Coastal Federal Credit Union v. Hardiman, 398 B.R. 161, 189 (E.D.N.C. 2008); In re Husain, 364 B.R. 211, 219 (Bankr. E.D. Va. 2007); In re Hinson, 352 B.R. 48, 53 (Bankr. E.D.N.C. 2006).

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| NAKIA YVONNE WASHINGTON-JOHNSON | ) | CASE NO. 08-12113 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |

PARTIES IN INTEREST


Nakia Yvonne Washington-Johnson

Stephen D. Ling

Capital One Auto Finance

Michael D. West, Bankruptcy Administrator

Charles M. Ivey, III, Trustee